UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHOCOLATE PRESCRIPTION, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:12-CV-3580-B |
| | § | |
| NIMBOR INC. and | § | |
| NIMBOR GROUP INC., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Chocolate Prescription, LLC's Motion to Remand (doc. 15), filed on November 29, 2012. Because Defendants Nibmor Inc. and Nibmor Group Inc. have failed to allege the requisite amount in controversy for diversity jurisdiction, the Court **GRANTS** the Motion and **REMANDS** this case to the 44th District Court of Dallas County, Texas.

I.

BACKGROUND

Since 2006, Plaintiff Chocolate Prescription, LLC ("Plaintiff") has been in the business of marketing and selling dark chocolate bars online under the distinctive mark "Your Daily Dose of Chocolate." Doc. 1-5, Orig. Pet. 3. The mark was registered with the United States Patent and Trademark Office on April 29, 2008. Doc. 1-5, Orig. Pet. Ex. 2. Defendants Nimbor Inc. and Nibmor Group Inc. ("Nibmor" or "Defendants") also operate as an online retailer specializing in chocolates. Nibmor began marketing and selling dark chocolate bars under its own distinctive mark, "Daily Dose of Dark," in 2011 and registered its mark with the United States Patent and Trademark

Office on June 5, 2012. Doc. 1-5, Orig. Pet. 3; Doc. 20-1, Def. Resp. Ex. A.

Plaintiff filed its Original Petition and Application for Temporary Restraining Order on August 29, 2012 in the 44th District Court of Dallas County, Texas. Doc. 1-5, Orig. Pet. Plaintiff claims "[t]he similarity of the marketing phrase used by Nimbor ('Daily Dose of Dark') and the distinctive mark owned by Chocolate Prescription ('Your Daily Dose of Chocolate'), combined with the fact that Nimbor and Chocolate Prescription sell similar dark chocolate bars, creates a likelihood that Nimbor's use of the phrase 'Daily Dose of Dark' will dilute the distinctive quality of Chocolate Prescription's mark." Doc. 1-5, Orig. Pet. ¶ 12. The Original Petition asserts two causes of action based on state law against Defendants and requests injunctive relief and attorneys' fees, but does not seek any specific monetary damages. *Id.* at 4-5.

The state court issued a temporary restraining order on August 29, 2012 and set the case for a temporary injunction hearing on September 12, 2012. Doc. 16, Pl. Br. 1-2. Before the temporary injunction hearing occurred, Defendants removed the action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1, Notice of Removal. Plaintiff filed the present Motion to Remand (doc. 15) on November 29, 2012 seeking remand to state court and attorneys' fees incurred as a result of Defendants' removal. Defendants have responded and Plaintiff has replied, making this Motion ripe for review.

## II.

## LEGAL STANDARD

A defendant may remove a state court action to federal district court if the district court has original jurisdiction over the case and Congress has not expressly prohibited removal. 28 U.S.C. § 1441(a). "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal."

*Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Because of significant federalism concerns, removal jurisdiction is strictly construed. *Id.* When determining if a federal district court has jurisdiction to hear a case on removal, "any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)(internal quotation omitted).

## III.

## ANALYSIS

*A.   Remand*

Federal courts maintain subject matter jurisdiction over those actions in which there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Without jurisdiction endowed by statute or the Constitution, federal courts lack the power to adjudicate claims. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998)(citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Accordingly, the party removing a case based on diversity jurisdiction "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Because diversity of citizenship between the parties is not in dispute, the Court focuses only on the amount in controversy requirement.

Where, as here, the plaintiff's state court petition does not specify an amount in damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Knowles Pub. v. Am. Motorists Ins. Co.*, 248 F.3d 1139, at *2 (5th Cir. 2001)(unpublished)(citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). If not clear on the face of the petition, a removing party "may support federal jurisdiction by

setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335. In such situations, the court can rely on summary judgement-type evidence to determine the amount in controversy. *Firewheel Surgical Sales, LLC v. Exact Surgical, Inc.*, No. 3:12-CV-1971-L, 2013 WL 139548, at *3 (N.D. Tex. Jan. 11, 2013). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335.

If the defendant succeeds in showing that the amount in controversy exceeds $75,000 by a preponderance of the evidence, removal is proper unless the plaintiff can show that "it is legally certain that his recovery will not exceed the amount stated in the state complaint." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). "[S]ubsequent events cannot serve to deprive the court of jurisdiction once it has attached." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998). The court must remand the case back to state court if the defendant fails to establish that the jurisdictional amount has been met. *Firewheel*, 2013 WL 139548, at *3.

In the present case, damages are not facially apparent because Plaintiff only seeks injunctive relief in its original petition and does not attach a monetary value to that relief. *See* Doc. 1-5, Orig. Pet. 4-6. To defeat the Motion to Remand, Defendants, as the removing party, must therefore show that Plaintiff's damages more likely than not exceed $75,000. *See St. Paul Reinsurance*, 134 F.3d at 1253 n.13.

Defendants contend that the amount in controversy exceeds $75,000 based on a two-step argument. First, Defendants offer summary judgment-type evidence that their sales of the chocolate branded "Daily Dose of Dark" amounted to over $104,000 in 2012 and sales are projected to be over $745,000 in 2013. Doc. 20-2, Love Aff. ¶¶ 6, 7. Defendants then argue that because Plaintiff has

stated its threatened injury substantially outweighs the threatened harm to the Defendants, the amount in controversy is greater than $75,000 because the potential harm to Defendants far exceeds $75,000. Doc. 20, Def. Resp. 7.  To support their reasoning, Defendants quote *Leininger v. Leinginer*, 705 F.2d 727, 729 (5th Cir. 1983), stating that "[t]he amount in controversy, in an action for . . . injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Id.* at 6. In its reply, Plaintiff asserts Defendants do not use the correct standard, and alternatively, even under Defendants' incorrect standard they have still failed to allege an amount in controversy greater than $75,000. Doc. 21, Pl.'s Reply 2-8.

The Fifth Circuit adheres to the plaintiff-perspective rule in that "[t]he value to the plaintiff of the right to be enforced or protected determines the amount in controversy." *Adams v. Nationwide Mut. Ins. Co.*, No. 3:02-CV-1607, 2003 WL 21251734, at *3 (N.D. Tex. Mar. 28, 2003) (quoting *Alfonso v. Hillsborough County Aviation Auth.*, 308 F.2d 724, 727 (5th Cir. 1962); *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 639 (5th Cir. 2003). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the *plaintiff* seeks to enforce or protect or the value of the object which is the subject matter of the suit."  *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010)  (emphasis added). "When applying the plaintiff-perspective rule, the court, in determining whether the jurisdictional amount has been satisfied, does not consider the costs a defendant incurs in complying with declaratory or injunctive relief granted." *Adams*, 2003 WL 21251734, at *3; *see also Garcia*, 351 F.3d at 639 (holding that costs that would be incurred by the defendants could not be considered in determining amount in controversy).

Defendants fall short of their burden because the only evidence they present on damages is the potential costs incurred by *Defendants* if an injunction were to be granted. But courts do not consider the costs to the Defendants in measuring the pecuniary value of the injunctive relief to the Plaintiff. *See Martinez*, 777 F. Supp. 2d at 1044. Defendants' comparison argument unpersuasively operates as a backdoor attempt to evaluate the amount in controversy from the Defendants' perspective rather than the Plaintiff's perspective.

Alternatively, Defendants contend that there is no evidence to the contrary that the amount in controversy is less than $75,000. Doc. 20, Def. Resp 8. But the removing party may not shift its burden of proof to the Plaintiff without having first established by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See De Aguilar*, 47 F.3d at 1411-12; *see also Powell v. Nat. Action Financial Services, Inc.*, No. CIV. A. H050806, 2005 WL 1866150, at *3 (S.D. Tex. Aug. 4, 2005) (plaintiff's failure to stipulate that it seeks less than jurisdictional amount cannot be used as basis for removal).

Accordingly, the Court determines that Defendants have failed to carry their burden in showing that the amount in controversy exceeds the jurisdictional minimum. Thus, the Court lacks subject matter jurisdiction over this action.

B.   *Attorney's Fees*

Plaintiff also requests the Court order Defendants to pay the costs and attorneys' fees incurred as a result of Defendants' removal pursuant to 28 U.S.C. 1447(c). An award of attorney's fees is within the Court's discretion. *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In some factual situations, the district court is required to award attorney's fees, but "the mere determination that removal was improper is not one of them." *Id.* The Court, in its exercise of

discretion, **DENIES** Plaintiff's request for attorney's fees.

## IV.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** Plaintiff's request for attorneys' fees.

This action is hereby **REMANDED** to the 44th District Court of Dallas County, Texas. The clerk is **DIRECTED** to remand this case according to the normal remand procedures.

**SO ORDERED.**

**SIGNED: March 21, 2013.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE